UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES BOSTIC
      Petitioner,

v.                                          No. 18-cv-12276-IT

STEPHEN SPAULDING,

      Respondent.

REPORT AND RECOMMENDATION ON RESPONDENT'S
MOTION TO DISMISS HABEAS PETITION

CABELL, U.S.M.J.

## I.    INTRODUCTION

Petitioner James Bostic challenges his sentence pursuant to a habeas petition filed under 28 U.S.C. §§ 2255(e) and 2241. Respondent Stephen Spaulding, warden of the Federal Medical Center in Devens, Massachusetts, moves to dismiss on several grounds (D. 16); the petitioner has not opposed the motion. For the reasons explained below, I recommend that the motion to dismiss be allowed and that the habeas petition be dismissed.

## II.  RELEVANT BACKGROUND

On February 17, 2010, a grand jury in the District of Maryland returned a five-count superseding indictment charging Bostic with conspiracy to possess with intent to distribute one thousand kilograms or more of marijuana and five kilograms or more of cocaine, possession with intent to distribute five

kilograms or more of cocaine, and possession of firearms in furtherance of a drug trafficking crime.  On June 16, 2010, Bostic pleaded guilty pursuant to a plea agreement to the charge of conspiring to possess with the intent to distribute 5 kilograms or more of cocaine.  On November 5, 2010, the district court sentenced Bostic to 210 months of imprisonment and five years of supervised release.  *United States v. James Bostic*, et. al., No. 1:09-Cr-00333-WDQ (D. Md.) (D. 110).  Bostic did not appeal his conviction or sentence.

On November 2, 2011, however, Bostic filed a petition pursuant to 28 U.S.C. § 2255 in the District of Maryland to vacate, set aside, or correct his sentence, arguing (1) that his defense counsel was ineffective for failing to object to a firearm enhancement, and (2) that the Court lacked jurisdiction and the statute of conviction was unconstitutional.  On October 9, 2012, the district court denied the petition in its entirety and declined to issue a certificate of appealability.  *United States v. James Bostic, et. al.*, No. 1:09-Cr-00333-WDQ (D. Md.) [ECF Dkts. 165, 166, 240, 241].  Bostic appealed nonetheless but on March 29, 2013 the Fourth Circuit denied a certificate of appealability and dismissed Bostic's appeal.  *Id.* [ECF Dkt. 243, 252].

On September 3, 2013, Bostic filed with the Fourth Circuit a motion pursuant to 28 U.S.C. § 2244 for an order authorizing

the district court to consider a second or successive application for relief under 28 U.S.C. §§ 2254 or 2255.  On September 16, 2013, the Fourth Circuit denied the motion.  *In re James Bostic*, United States Court of Appeals for the Fourth Circuit, No. 13-355 [ECF Dkt. 2-1, 5].

On October 12, 2016, Bostic moved in the district court to reduce his sentence pursuant to USSG Amendment 782.  The government did not object and the district court reduced the sentence from 210 to 168 months.  *United States v. James Bostic, et. al.*, No. 1:09-Cr-00333-WDQ (D. Md.) [ECF Dkt. 303-306].

On March 28, 2017, Bostic was indicted for possessing a cell phone while an inmate at a federal correctional institution in the Eastern District of North Carolina.  *United States v. James Bostic*, 5:17-CR-93-H-1 (E.D.N.C.) [ECF Dkt. 1].  Bostic pleaded guilty before a magistrate judge and was sentenced to three months of incarceration to be served consecutive to his sentence on his Maryland case.  Bostic appealed to the district court there.  *Id.* [ECF Dkts. 28-30, 32, 34].

On November 8, 2017, and while his appeal in the Eastern District of North Carolina was pending, Bostic, who was at FMC Devens at this point, filed a § 2241 petition in the District of Massachusetts seeking among other things to overturn his conviction and sentence in the Eastern District of North Carolina.  The district court ordered that Jeffrey Grondolsky,

3

the then-warden of FMC Devens, be substituted as the sole respondent of the action. *Bostic v. Grondolsky*, 1:17-CV-12254-MGM (D. Mass.) [ECF Dkt. 1, 6].

On April 12, 2018, the district court in the Eastern District of North Carolina denied Bostic's appeal and affirmed the magistrate judge's order and judgement. Bostic appealed to the Fourth Circuit. *United States v. James Bostic*, 5:17-CR-93-H-1 (E.D.N.C.) [ECF Dkt. 46, 47]. On October 15, 2018, the district court in Massachusetts entered an order staying Bostic's habeas action here "pending the Fourth Circuit's ruling on Petitioner's direct appeal of his related criminal prosecution and sentence." *Bostic v. Grondolsky*, 1:17-CV-12254-MGM (D. Mass.) [ECF Dkt. 22]. On December 26, 2018, the Fourth Circuit in an unpublished opinion affirmed the North Carolina district court's judgment. *United States v. James Bostic*, 5:17-CR-93-H-1 (E.D.N.C.) [ECF Dkt. 52].

Meanwhile, on October 29, 2018, Bostic filed the instant petition. On or about March 19, 2019, Bostic notified both Massachusetts courts by mail that he was to be transferred from FMC Devens to USP Lewisburg, Satellite Camp, located in the Middle District of Pennsylvania. (D. 5); *Bostic v. Grondolsky*, 1:17-CV-12254-MGM (D. Mass.) [ECF Dkt. 31]. The district court in the other Massachusetts matter ultimately dismissed Bostic's petition without prejudice to refiling in the Middle District of

Pennsylvania, and Bostic accordingly refiled the petition there, where it was denied. *Bostic v. Grondolsky*, 1:17-CV-12254-MGM (D. Mass.) [ECF Dkt. 32, 36, 41]; *Bostic v. David J. Ebbert*, 3:19-CV-1279-JMM-EBC (M.D. Pa.) [ECF Dkt. 1 at 2, 3, 5, 7, 15].

With respect to the petition presented here, Bostic seeks to be re-sentenced in light of the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013). He argues that *Alleyne* compels a finding that his previously imposed sentence, based in part upon a mandatory minimum triggered by drug weight, is no longer supportable, and that *Alleyne* applies retroactively to cases on collateral review by dint of the Supreme Court's holding in *Burrage v. United States*, 571 U.S. 204 (2014). Bostic argues that he is entitled to relief because the sentencing court imposed a sentence above what it would have otherwise imposed because it erroneously found that a statutory mandatory minimum sentence based on drug weight applied to him.

On October 11, 2019, the respondent moved to dismiss the petition. (D. 16). Bostic did not respond. Approximately three months later, on January 6, 2020, the court notified Bostic of his failure and, given his *pro se* status, *sua sponte* extended his time to respond to January 24, 2020. The court indicated in so doing that it would treat the motion to dismiss as unopposed if Bostic failed to file a response by the new deadline. (D. 17). Bostic did not acknowledge the court's

action and did not submit a response by the new deadline or at any time thereafter.

## III. DISCUSSION

### 1. <u>Legal Standard</u>

A federal prisoner may challenge the validity of his term of incarceration and seek post-conviction relief under 28 U.S.C. § 2255(a) if his "sentence was in excess of the maximum authorized by law ... or is otherwise subject to collateral attack."  To merit consideration, the petition must be timely filed in the court in which the petitioner was sentenced.  *Id.*  The petition is bound by a one-year period of limitation, running from the date on which the judgment of conviction becomes final or from the date on which a newly asserted constitutional right, made retroactively applicable to cases on collateral review, was recognized by the Supreme Court, whichever is latest.[1]  *Id.* § 2255(f).  Second or successive § 2255 petitions require leave to file from the appropriate court of appeals.  *Id.* § 2255(h).  When § 2255 is otherwise unavailable, a federal prisoner still may file for a writ of habeas corpus challenging his sentence through the savings clause of § 2255(e) by proceeding under § 2241.  A § 2241 petition may be filed in either the jurisdiction where the petitioner was convicted and sentenced or where he is currently

---

[1] Section 2255(f) identifies two other dates that can be used for calculating the applicable limitations period, but neither is relevant here.

imprisoned.   28  U.S.C.  §  2241(d).   There  is  no  timeliness
requirement for filing a petition under § 2241.  *See id.; Neverson
v. Farquharson*, 366 F.3d 32, 40 (1st Cir. 2004).  However, relief
under  §  2241  is  unavailable  after  successive  §  2255  petitions
unless § 2255 is "inadequate or ineffective to test the legality
of detention."  *United States v. Barrett*, 178 F.3d 34, 39 (1st
Cir. 1999) (quoting 28 U.S.C. § 2255(e)).   Relief under § 2255
is  inadequate  or  ineffective  "when,  in  a  particular  case,  the
configuration  of  [§  2255]  is  such  'as  to  deny  a  convicted
defendant any opportunity for judicial rectification.'"  *Trenkler
v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (quoting *In re
Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)).

Accordingly, the First Circuit has recognized that § 2241 is
available  via  the  savings  clause  of  §  2255(e)  in  two  limited
circumstances.   First, a petitioner generally may resort to the
savings  clause  when  he  makes  a  "credible  allegation  of  actual
innocence."  *Trenkler*, 536 F.3d at 99.   Second, a petitioner may
invoke the savings clause when the Supreme Court has reversed the
holdings of the circuit courts regarding the meaning of a statute,
and  the  petitioner  is  no  longer  guilty  of  a  crime  under  the
Supreme  Court's  new  interpretation.    *See  Sustache-Rivera  v.
United States*, 221 F.3d 8, 16 (1st Cir. 2000).   Absent these two
circumstances,  however,  a  petitioner  cannot  rely  on  the  savings

clause to raise a claim that otherwise would be barred by the provisions of § 2255. *See Barrett*, 178 F.3d at 50-52.

### 2. Analysis

Against this backdrop, Bostic's petition warrants dismissal for at least five reasons: (1) he has demonstrated a lack of interest in further prosecuting his petition; (2) he cannot in any event use the savings clause of § 2255 to file a § 2241 petition; (3) he does not satisfy the requirements for a second or successive § 2255 petition;  (4) even if there were a procedural avenue for him to pursue his claim, it fails on the merits because the First Circuit has held that *Alleyne* is not retroactive on collateral review; and (5) he is no longer in custody in this district.

First, the petition should be dismissed *sua sponte* because it is clear now that Bostic has abandoned this petition.  Bostic did not timely respond to the motion to dismiss filed in October 2019, and still did not respond when the court extended the deadline to January 24, 2020 but advised him that it would treat the motion as unopposed if he did not timely respond.  Indeed, Bostic not only did not respond, he has in fact failed to interact with the court in any way in well over a year, when he responded in early July 2019 to indicate his position on consent before a magistrate judge.  In this court's view, his inaction at key moments when his input was critically needed to advance the

litigation of his claims reflects a lack of interest in vindicating any rights he might have.  Dismissal is therefore appropriate.  *See e.g.*, *Pomales v. Celulares Telefonica, Inc.*, 442 F.3d 44, 45 (1st Cir. 2003); Fed. R. Civ. P. 41(b) (involuntary dismissal may result if "the plaintiff fails to prosecute or to comply with these rules or a court order").

Second, even assuming the substance of the petition is reached, Bostic cannot proceed under § 2241 via § 2255(e)'s savings clause because he has failed to show that § 2255 relief is inadequate or ineffective to test the legality of his detention.  In this regard, Bostic notably does not argue that he is actually innocent, and he has presented no new evidence in this petition to potentially exonerate himself.  He also does not argue that the charged conduct is no longer criminal under a new interpretation of §§ 841 and 846, the statutes under which he was convicted and sentenced.  *Alleyne* was a constitutional decision regarding whether a judge or jury must decide facts that increase a mandatory minimum sentence; it did not reinterpret or change the scope of conduct proscribed by § 841. Therefore, Bostic's petition does not raise a claim that can be pursued via § 2255(e)'s savings clause.

Third, Bostic does not satisfy the procedural requirements of § 2255. As noted above, Bostic was convicted and sentenced in the District of Maryland and by filing his petition in this

court rather than in the sentencing court, he has run afoul of
the requirements of § 2255. *United States v. Barrett*, 178 F.3d
34, 50 n.10 (1st Cir. 1999) (§ 2255 petition must be brought in
the sentencing court).  Further, the sentencing court denied
Bostic's § 2255 petition in October 2012 and the Fourth Circuit
dismissed his appeal and denied him a certificate of
appealability in 2013.  As such, Bostic also has not received
approval from the Fourth Circuit to proceed with a second or
successive petition.  Further still, and in any event, Bostic is
time-barred from filing this § 2255 petition because the one-
year limitations period has long since elapsed where Bostic
never appealed his November 2010 conviction. *See Clay v. United
States*, 537 U.S. 522 (2003) (holding that for purposes of § 2255
a "judgment of conviction becomes final when the time expires
for filing a petition for certiorari contesting the appellate
court's affirmation of the conviction").  Even accepting that
Bostic bases his petition on *Alleyne*, which the Supreme Court
did not decide until June 2013, Bostic still did not file this
petition until October 2018, over five years later.  Therefore,
the limitations period has run for him to challenge his
conviction based on *Alleyne*.

Fourth, although Bostic appears to argue that *Alleyne*
should be made retroactive to cases on collateral review, the
First Circuit rejected that argument in *Butterworth v. United*

*States*, 775 F.3d 459, 468 (1st Cir. 2015).  Bostic attempts to avoid the force of Butterworth by invoking the Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014).  The First Circuit has not addressed whether Burrage is retroactive on collateral review but some other circuits have concluded otherwise.  *See, e.g.*, *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *Santillana v. Upton*, 846 F.3d 779, 784 (5th Cir. 2017); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016).  *But see Dixon v. Warden of FCI Schuylkill*, 647 F. App'x 62, 64 (3d Cir. 2016).  Still, this fact is unavailing here because, although *Burrage* is related to *Alleyne*, it addresses a different legal issue that is not applicable to Bostic's claim.

Specifically, *Burrage* answers the question of what the government must prove for a "death results" mandatory minimum enhancement on a conviction under § 841.  *See* 571 U.S. at 206. The Supreme Court held that the drugs supplied by the criminal defendant must be a "but for" cause of death for the sentencing enhancement to apply.  *Id*. at 218-19.  The courts that have found *Burrage* to be retroactive have reasoned that it is a substantive decision because it narrows the scope of proscribed conduct under the statute.  *See, e.g.*, *Harrington*, 900 F.3d at 249-50; *Santillana*, 846 F.3d at 783-84; *Gaylord*, 829 F.3d at 505.  But this is no help to Bostic where his sentence was not

based on a "death results" enhancement, and he has not argued
that his charged conduct is no longer criminal under a new
interpretation of § 841.  His only argument is that the judge
rather than the jury determined the applicable drug amounts for
his mandatory minimum sentence.  In other words, Bostic's claim
is based solely on *Alleyne*, which established a non-retroactive,
procedural rule.  *See Butterworth*, 775 F.3d at 468.  Thus,
Bostic's petition also fails on the merits.  *See also, Hakim v.
Spaulding*, 2019 WL 4218479, at *3 (D. Mass. Sept. 5, 2019)
(rejecting similar *Alleyne* and *Burrage* claims).

Fifth, and finally, even assuming *arguendo* that Bostic
could avail himself of § 2255's savings clause, his petition is
unavailing here because he is no longer in custody of the named
respondent where he was moved out of the District of
Massachusetts to the District of Pennsylvania in early 2019.
Under the territorial-jurisdiction rule, derived from the
statutory language limiting district courts to granting habeas
relief "within their respective jurisdictions," 28 U.S.C. §
2241(a), "the court issuing the writ [must] have jurisdiction
over the custodian." *Gonzalez v. Grondolsky*, 152 F. Supp. 3d
39, 43 (D. Mass. 2016) (quoting *Rumsfeld v. Padilla*, 542 U.S.
426, 442 (2004)).  Thus, "the custodian's absence from the
territorial jurisdiction of the district court is fatal to
habeas jurisdiction." *Padilla*, 542 U.S. at 445.  Because there

is no evidence that the transfer of Bostic to Pennsylvania was an attempt by the government to manipulate the instant litigation[2], the petition appropriately should be dismissed on jurisdictional grounds.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that the respondent's Motion to Dismiss Habeas Petition (D. 16) be ALLOWED.[3]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  August 13, 2020

---

[2] Narrow exceptions to the territorial jurisdiction rule have been recognized where some other individual within the district retained custody over a transferred prisoner, *Ex parte Endo*, 323 U.S. 283, 305, (1944), or where the government purposefully moved a prisoner from district to district to frustrate a petitioner's ability to get relief, *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000), but neither circumstance is present here.

[3] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).